UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00901-SRW |
| | ) |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Jada Davis-Bey's application to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the application and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an document titled "resident transaction details" from January 18, 2023 to July 21, 2023. *See* ECF No. 5. Based upon this document, it seems plaintiff has had a zero balance at the St. Louis City Justice Center for six months. As a result, the Court will not require plaintiff to file an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (stating that a prisoner shall not be prohibited from bringing a civil action for the reason the prisoner has "no means by which to pay the initial partial filing fee").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a pretrial detainee incarcerated at the St. Louis City Justice Center. She brings this suit pursuant to 42 U.S.C. § 1983 alleging defendants violated her constitutional rights during her arrest and hospitalization on August 12, 2022. She names as defendants the St. Louis Metropolitan Police Department ("STLPD"), Barnes Hospital ("Barnes"), a "blonde doctor with eyeglasses in Barnes Hospital psychiatric ward female" ("female doctor"), and Dr. Christopher Carpenter. She sues STLPD and Barnes in both their official and individual capacities, but does not indicate in what capacities she sues the female doctor and Dr. Carpenter.

Plaintiff states that on August 12, 2022, she was arrested at the Mark Twain Hotel. She does not allege the circumstances surrounding her arrest. She was taken to STLPD headquarters, booked, and placed in a holding cell.[1] A few hours later, two white male police officers told plaintiff they were taking her to the hospital because she was bleeding. Plaintiff protested. The officers entered her cell, forced her to the ground, placed a knee on her back, cuffed her, and took her from her cell against her wishes. She was transported by ambulance to Barnes and taken to the psychiatric ward.

---

[1] Although not relevant to the allegations in her complaint, plaintiff alleges Sergeant Marks "with three stripes on his shoulder started throwing kisses at me and when I told him to stop throwing kisses at me and to kiss his daddy's butty hole, he continued to do so."

She states that while she was cuffed and sitting on a stretcher "a blonde 5'3" white female wearing glasses" (presumably, the female doctor) told plaintiff that if she did not allow the doctor to take blood and urine samples that the doctors would sedate her "and do whatever they want to me." Two other employees took plaintiff's blood against her will. She was then told to remove her clothes and change into a paper gown and non-skid socks.

She was then escorted to an area in the psychiatric ward where two patients were sitting and a "black young female [was] walking back and forth." This female patient began yelling that plaintiff had killed the woman's father, and walked over to plaintiff and punched her. The two began fighting. Plaintiff states that after this fight, she was handcuffed and returned to the STLPD headquarters. She was told the charges against her had been dropped and she was released.

As to her claims against the STLPD, plaintiff states that two police officers twisted her arm and kneeled on her back to cuff her, they "kidnapped" her by moving her against her wishes. She states they "pretended to take me to the hospital for medical treatment and attempted to lose me in a psychiatric ward at Barnes . . . they inflicted pain on my body intentionally and emotional distress and they failed to get me medical treatment . . . ."

As to her claims against Barnes, plaintiff alleges she was punched in the face by a patient in the psychiatric ward. She states that her lips and gums have been in constant pain since the assault. She also alleges Barnes allowed the STLPD to "bring me to the hospital to be treated for anal bleeding but allowed the St. Louis Metropolitan to take me pas[t] the emergency room doctors and not be seen or treated for anal bleeding and wheeled me on to an elevator up to the psychiatric ward." She states she was harmed because Barnes did not examine her for anal bleeding. She also alleges a Barnes security guard fell or dived on top of her, rendering her unconscious. She states she suffered low back pain for three weeks. She also alleges she was "robbed of my life sustaining blood under threat duress and coercion."

For relief, plaintiff "demand[s] that the St. Louis Metropolitan Police Department be dissolved, dismantled, and relieved of duty due to criminal conduct of the police officer(s), unprofessional conduct, disrespectful conduct, PREMEDITATED MURDER ON NON POLICE OFFICER(S) (Regular People), ATTEMPTED KIDNAPPINGS UNDER THE color of law . . . ." She also seeks the closure of the St. Louis City Justice Center and asks that all prisoners be released immediately. "I am requesting that BARNES HOSPITAL be also turned into a city shelter with a hospital for the poor and disenfranchised. These buildings have been long used as nests of vipers where all evil is manufactured in mass production and distributed amongst the people/practiced on the poor and disenfranchised." For monetary relief, she seeks $50 billion in currency and an additional $50 billion in gold, silver, land, and foreign currency.

## Discussion

Liberally construed, plaintiff's complaint contains claims of excessive force and deliberate indifference to medical needs against defendants. Having carefully reviewed the complaint, and for the reasons discussed below, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A.     **Defendant St. Louis Metropolitan Police Department**

Plaintiff brings her claims against the STLPD in its official and individual capacities. She asserts that on August 12, 2022, officers from the STLPD arrested her around 10:30 p.m. at the Mark Twain Hotel, transported her to police headquarters, and booked her. They then transported her to the Barnes psychiatric unit for care and treatment. While at Barnes, plaintiff was assaulted by another patient. After the assault, the officers returned her to police headquarters where they dropped the charges against her and she was released. Plaintiff characterizes these actions as follows: "The two police officer(s) twisted my arm and kneeled on my scar L5-S1 laminectomy. They kidnapped me, moved me against my wishes, pretended to take me to the hospital for medical

treatment and attempted to lose me in a psychiatric ward at Barnes Hospital on Kingshighway." ECF No. 1 at 6.

Plaintiff sues the STLPD for the alleged actions of its officers. The St. Louis City Police Department is a department or subdivision of the City of St. Louis. A local governing body can be sued directly under 42 U.S.C. § 1983. To prevail on this type of claim, however, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged any official municipal policy or unofficial custom of the City of St. Louis that violated her constitutional rights. To the extent she seeks to allege a claim for failure to train or supervise, her claim is wholly conclusory. She states: "Because these St. Louis City Police Officer(s) were not properly supervised I was harmed at the police station and at Barnes Hospital." (ECF No. 1 at 6). She states no facts from which the Court could find that the unnamed police officers were not properly supervised. She states only the legal conclusions that officers "used excessive force" and were "deliberately indifferent." To state a claim for relief, however, a complaint must plead more than these legal conclusions and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because plaintiff has alleged no facts or circumstances from which the Court

could find that a failure to supervise caused plaintiff's alleged injuries, the Court will dismiss these claims.

Because plaintiff has not alleged any constitutional violations arising out of an official policy, unofficial custom, or failure to supervise, she cannot state a claim against the STLPD under § 1983. For this reason, the Court will dismiss her claims against STLPD without prejudice.

### B.   Defendant Barnes Hospital

Defendant Barnes Hospital is a part of BJC HealthCare, a non-profit health care organization based in St. Louis. *See* https://www.barnesjewish.org/about-us (last visited Dec. 21, 2023). It is not a state actor and does not act under color of state law for purposes of § 1983. For this reason, Barnes Hospital is not liable in a case brought under §1983. The Court will dismiss plaintiff's claims against defendant Barnes Hospital for failure to state a claim upon which relief may be granted. *See* U.S.C. § 1915(e)(2)(B).

### C.   Defendant Female Doctor

Plaintiff identifies a "blonde female doctor with eyeglasses" working in the psychiatric ward of Barnes as a defendant. (ECF No. 1 at 7). She alleges this doctor took a blood sample from her under coercion. "I suffered the intentional infliction of emotional distress and the intentional infliction of pain by being stuck with the needle to allow my blood to exit my body against my wishes." *Id.* Plaintiff claims the doctor threatened to render plaintiff unconscious if she did not give a blood sample. "And, she threatened to do whatever they wanted to do for me whilst I was unconscious." *Id.*

Plaintiff identifies this female doctor working in the psychiatric unit as an employee of Barnes, which is a private party. Plaintiff has not alleged this female doctor acted under color of state law as required by § 1983. In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state

law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). With regard to the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Because the female doctor was not acting under color of law, she is not liable for any alleged § 1983 violations.

Nor does plaintiff allege this doctor was a "willful participant in joint activity with the State or its agents" as would be required to find a private party liable under §1983. *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). Plaintiff has not alleged there was any mutual understanding, or meeting of the minds, between the female doctor and any state actor. *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Thus, the unnamed female doctor is not a state actor, did not act under color of state law, and is not subject to suit under 42 U.S.C. §1983. She will be dismissed from plaintiff's complaint.

### D.   Defendant Dr. Christopher Carpenter

As for her claims against Dr. Christopher Carpenter, plaintiff alleges that he billed her for $640.00 for her care and treatment at the Barnes psychiatric unit. Plaintiff states the bill inflicted "intentionally [and] undue DEBT ONTO THE PLAINTIFF." She states that Dr. Carpenter billed service for care he never rendered to plaintiff. ECF No. 1 at 7. She alleges Dr. Carpenter stood in the observation booth in the psychiatric ward, and he saw plaintiff's assault by another inmate. He alerted the police officers "and told them something," and the officers cuffed plaintiff and transported her back to the police station. She states that she was returned to the station "without me being allowed to be treated for anal bleeding nor for the punch in my face, nor for the 300 plus male security guard rendering me unconscious and low back pain(s)." ECF No. 1 at 7.

Like plaintiff's claims against the unknown female doctor, her claims against Dr. Carpenter will be dismissed because she does not allege any action under color of state law as required by § 1983. Plaintiff has not alleged Dr. Carpenter is a state actor or that he willfully participated in joint activity with a state actor. Here, plaintiff fails to allege facts sufficient to give rise to the inference that Dr. Carpenter, as a private actor, came to a mutual understanding with any state actors to violate plaintiff's constitutional rights. For these reasons, plaintiff's claims against Dr. Christopher Carpenter will be dismissed.

## Motion to Amend Complaint

On November 29, 2023, plaintiff filed a motion to amend her complaint to add the City of St. Louis Department of Public Safety as a defendant to her complaint.[2] (ECF No. 10) The Court will deny this motion.

First, plaintiff's motion is not accompanied by a proposed amended complaint as required by the Local Rules, and will be denied on this basis. *See* E.D. Mo. L.R. 4.07. Secondly, plaintiff's motion to amend to add the St. Louis City Department of Public Safety is futile. As the Court discussed in part A, *supra*, departments of the City of St. Louis can be sued directly under 42 U.S.C. § 1983. To prevail on this type of claim, however, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Plaintiff has made no such allegations. *See* Part A, *supra*.

Because plaintiff has not followed the Local Rule in submitting a copy of her proposed amended complaint, and because adding the St. Louis Department of Public Safety as a defendant

---

[2] Plaintiff identified her proposed defendant as the Board of Public Safety. The Court will assume plaintiff meant the St. Louis Department of Public Safety, which oversees the STLPD.

would be futile, the Court will deny the motion to amend. *See Cornelia I. Crowell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 782 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend her complaint is **DENIED**. [ECF No. 10]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**. *See* 28 U.S.C. §1915(e)(2)(B). [ECF No. 2]

An Order of Dismissal will accompany this Opinion, Memorandum, and Order.

Dated this 27th day of December, 2023.

                                             _____
                                             HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE